```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------

STEPHANIE FRANKLIN,

                    Plaintiff
          -v-                                    5:18-CV-1413

COLOPLAST CORP.; COLOPLAST
MANUFACTURING US, LLC; and
COLOPLAST A/S,

                    Defendants.

-----------------------------------
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CLARK, LOVE & HUTSON, GP<br>Attorneys for Plaintiff<br>440 Louisiana Street Suite 1600<br>Houston, Texas 77002 | JOHN G. GRINNAN, ESQ.<br>SCOTT A. LOVE, ESQ.<br>ADAM DANIEL PEAVY, ESQ.<br>WILLIAM MICHAEL MORELAND, ESQ. |
| STARK, STARK LAW FIRM<br>Attorneys for Plaintiff<br>993 Lenox Drive<br>Lawrenceville, NJ 08648 | MARTIN PAUL SCHRAMA, ESQ. |
| KING & SPALDING LLP<br>Attorneys for Defendants<br>500 W 2nd Street Suite 1800<br>Austin, Texas 78701 | LANA K. VARNEY, ESQ. |
| KING, SPALDING LAW FIRM – NEW YORK<br>Attorneys for Defendants<br>1185 Avenue of the Americas<br>New York, New York 10036 | RICHARD T. MAROONEY, JR., ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM–DECISION and ORDER**

I.      **INTRODUCTION**

On December 10, 2015, plaintiff Stephanie Franklin ("Franklin" or "plaintiff") received a

surgical implant of a vaginal and pelvic mesh called Aris Trans-Obturator Tape ("Aris"). She

alleges that the mesh implant was defective, resulting in severe and lasting injuries to her pelvic and vaginal region. Defendant Coloplast Corp. ("the subsidiary"), a Delaware corporation with a principal place of business in Minneapolis, manufactured and marketed plaintiff's Aris implant. Defendant Coloplast Manufacturing US, LLC ("Coloplast US") is similarly incorporated in Delaware. Both companies are wholly-owned subsidiaries of defendant Coloplast A/S ("the parent" or "the Danish company"), a corporation organized under the laws of the Kingdom of Denmark.

On December 3, 2018, Franklin filed a complaint in this District, relying on 28 U.S.C. § 1332 for jurisdiction, because she and each defendant are citizens of different states and the amount in controversy exceeds $75,000. On August 19, 2019, plaintiff amended her complaint. On September 3, 2019, Coloplast A/S moved under Federal Rule of Civil Procedure ("Rule") 12(b)(2) to dismiss the amended complaint for a lack of personal jurisdiction.

## II.  BACKGROUND

In May of 2005, Mentor Worldwide LLC ("Mentor") announced the launch of Aris, a support system designed for implantation in a woman's groin and vaginal region to treat pelvic organ prolapse and urinary incontinence. Dkt. 1, ¶¶ 16-17, 29. On June 2, 2006, Mentor sold the surgical, urological, clinical, and consumer healthcare dimensions of its business to Coloplast A/S, a company registered in Denmark. *Id.* ¶¶ 3, 30. A driving force in the acquisition of these products and properties was this defendant's Vice President of Business Development, Steffen Hovard ("Hovard"). Dkt. 49-3, p. 4.[1]

Coloplast A/S wasted little time in announcing and marketing their acquisition of Mentor's properties. It promptly created a list of proposed labels so that the new products

---
[1] Pagination corresponds with CM/ECF.

2

could be emblazoned with this defendant's name. Dkt. 49-2, pp. 2-3. Between 2006 and 2012, this defendant engaged in a number of marketing strategies for their new products, including: (1) a June 2007 panel discussion in Cancun, Mexico, featuring doctors from around the world, including New York; (2) a 2008 marketing monograph to tout the advantages of Aris and to market it to medical professionals; and (3) a July 2011 surgical skills workshop in New York City demonstrating the appropriate use of Aris.[2] Dkt. 49-8, pp. 2-3; 49-12, p. 2; 49-13, p. 2.

By 2012, Coloplast A/S's wholly-owned subsidiary, Coloplast Corp., had taken over marketing Aris in the United States and became the contact point in that country for doctors. *See* Dkt. 49-11, pp. 2-3. Similarly, sometime around 2012, Hovard left his role with the parent and became President of the subsidiary. *Compare* Dkt. 49-6, p. 2 (listing Hovard as Senior Vice President of urology at the parent), *with* Dkt. 38-3 ("Hovard Dec."), ¶ 2 (affirming that Hovard is President of Coloplast Corp.).

After Coloplast Corp. attained control over Aris' prospects in the United States, it developed "a distinct and independent management structure from Coloplast A/S," such that none of its officers are employed by the parent company, and it—not the parent—pays their salaries. Hovard Dec. ¶ 11. As such, the subsidiary has the right to hire and fire its own employees. *Id.* ¶ 12. The subsidiary also maintains its own separate profits and losses, as well as books and records. *Id.* ¶ 13. It observes all corporate formalities. *Id.* The parent does not guarantee the subsidiary's loans or obligations, nor does it provide loans or insurance coverage on the subsidiary's behalf. *Id.* ¶ 20.

---

[2] It is not entirely clear from the face of the document which entity held this workshop, because the identifying mark on the flyer refers only to "Coloplast." Dkt. 49-12, p. 2. Defendants do not seem to dispute that Coloplast A/S, and not Coloplast Corp., put on the workshop, however, and in any event this Court must construe ambiguities in plaintiff's favor for the purposes of a Rule 12(b)(2) motion. *Nat'l Elec. Sys., Inc. v. City of Anderson*, 601 F. Supp. 2d 495, 497 (N.D.N.Y. 2009).

Moreover, Coloplast Corp. is responsible for the "testing, development, regulatory clearance, distribution, marketing, sale, and drafting" of the informational materials for Aris. Hovard Dec. ¶ 14. Across the subsidiary's interventional urology business, "no employee in any function involving product development, distribution, marketing, clinical, regulatory affairs, or sales reports to any employee of Coloplast A/S." *Id.* ¶ 15. Although the parent maintains the patent to Aris, it licenses that intellectual property to its subsidiary. *Id.* ¶ 17. The subsidiary, and not the parent, manufactures Aris, and the subsidiary alone sells Aris in the United States. *Id.* ¶¶ 18-19.

On December 10, 2015, three years after Coloplast Corp. appears to have taken control over Aris' marketing and manufacture in the United States, Franklin received an Aris implant at the Auburn Community Hospital in the state of New York. Dkt. 32, ¶ 80. Plaintiff alleges that despite the proper implantation procedure, the mesh was defective, which resulted in severe and permanent injuries to her vaginal area, requiring multiple surgical interventions. *Id.* ¶¶ 81-82.

On December 3, 2018, Franklin filed a complaint in this District. Dkt. 1. Coloplast Corp. and Coloplast US answered the complaint on February 1, 2019. Dkt. 15. However, Coloplast A/S moved to dismiss the complaint for, among other things, a lack of personal jurisdiction under Rule 12(b)(2), on July 29, 2019. Dkt. 29. On August 19, 2019, plaintiff filed an amended complaint, seeking to cure some of the defects in the initial filing. Dkt. 32. On September 3, 2019, Coloplast A/S again moved to dismiss the complaint, this time solely under Rule 12(b)(2). Dkt. 38. The motion having been fully briefed, the Court will now consider it on the basis of the parties' submissions without oral argument.

**III.     LEGAL STANDARD**

In opposing a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing a proper basis for personal jurisdiction over the defendant.  *Nat'l Elec. Sys., Inc. v. City of Anderson*, 601 F. Supp. 2d 495, 497 (N.D.N.Y. 2009) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  The plaintiff must "allege facts constituting a prima facie showing of personal jurisdiction." *Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497 (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1106 (2d Cir.1997)). At this early stage, all pleadings and factual ambiguities are construed in favor of the plaintiff.[3] *Id.* (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994)).

However, courts "will not draw argumentative inferences in the plaintiff's favor . . . nor . . . accept as true a legal conclusion couched as a factual allegation[.]"  *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal citations and quotation marks omitted).  Moreover, on a motion to dismiss pursuant to Rule 12(b)(2), courts may consider materials outside the pleadings "without converting [the] motion to dismiss for lack of personal jurisdiction into a motion for summary judgment."  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

The Court must consider whether plaintiffs have made "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (alterations in original) (internal citations and quotation marks omitted).

---

[3] Plaintiff mistakenly construes this language to mean that her pleadings alone should overpower any contrary factual showing.  This interpretation of the law would expand personal jurisdiction infinitely, because a well-pleaded complaint would always confer jurisdiction.  Instead, this language only means that where the record is unclear as to a fact, a court should assume that fact to be whatever would be most favorable to the plaintiff.  *See In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

5

Plaintiff's allegations of jurisdiction are legally sufficient if they establish that the court has personal jurisdiction over the defendant by a preponderance of the evidence. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

## IV. DISCUSSION

### A. COLOPLAST CORP.'S RELATIONSHIP TO COLOPLAST A/S.

In determining whether a foreign corporation is present in New York because of the acts of its subsidiary, the subsidiary's presence within New York state alone does not establish the parent's presence. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). Instead, a court located within New York will only have jurisdiction over a foreign parent company because of its subsidiaries' contacts if the subsidiary is either an "agent" or a "mere department" of the foreign parent. *Id.* (citing *Koehler*, 101 F.3d at 865).

A subsidiary is an agent of the parent if the subsidiary "does all the business which [the parent corporation] could do were it here by its own officials." *Jazini*, 148 F.3d at 184 (alterations in original). Franklin has advanced no arguments that Coloplast Corp. functions only as Coloplast A/S's agent. By contrast, the Danish company has established that its American counterpart has "a distinct and independent management structure," "has the right to hire and fire its own employees[,]" and that it has its own business unit responsible for ensuring the commercial viability of Coloplast's mesh implants in North America. Hovard Dec. ¶¶ 11-12, 14. Accordingly, this defendant does not use its American subsidiary as an agent, and this basis is insufficient to impute the subsidiary's contacts to the parent.

To determine whether a subsidiary is a mere department of a parent company, the Second Circuit established a four-factor test in *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984). The first, and only essential, element of that test is common ownership between the parent and subsidiary. *Id.* The remaining factors are

6

not dispositive, but still must be collectively considered. *Id.* The second factor is the financial dependency of the subsidiary on the parent. *Id.* The third factor is the degree to which the parent corporation dictates the selection and assignment of the subsidiary's executive personnel, as opposed to allowing the subsidiary to perform its own corporate formalities. *Id.* at 121. The fourth factor is the degree of the parent's control over the marketing and operational policies of the subsidiary. *Id.* at 122.

As to the first factor, it is undisputed that Coloplast Corp. is a wholly-owned subsidiary of Coloplast A/S. The essential factor in imputing the American company's contacts to this defendant is therefore met. *Volkswagenwerk*, 862 F.2d at 120. None of the other factors fare nearly so well, however. Regarding the second factor, the Danish company has established that both it and its American subsidiary maintain separate records, profits, and losses, and that the Danish parent has not provided any loans to or guaranteed any obligations of its subsidiary. Hovard Dec. ¶¶ 13, 16, 20. Thus, the subsidiary has little to no financial dependency on the parent, and the second factor cuts strongly against Franklin's efforts to establish personal jurisdiction. *Volkswagenwork*, 862 F.2d at 120.

The third factor similarly counsels strongly against imputing Coloplast Corp.'s contacts to Coloplast A/S, because the subsidiary "observes all corporate formalities" and has a "distinct and independent management structure"—paid by its own coffers—that it has the right to hire and fire on its own terms. Hovard Dec. ¶¶ 11-13. Although Franklin has argued that Hovard, the subsidiary's current President, used to be an employee of the parent company and used to work in Denmark, that does not change the fact that at present he is employed only by the subsidiary. *Id.* ¶ 2.

Finally, the fourth factor also cuts against imputing Coloplast Corp.'s contacts with New York to Coloplast A/S. In support of finding jurisdiction, Franklin points to informative

7

monographs developed by the parent company in 2008 that have been used to market Aris. Dkt. 49-8; 49-9; 49-11. Even assuming the same materials were still in use by the subsidiary when plaintiff received her Aris implant in 2015, that does not demonstrate general control over the marketing of the subsidiary as a whole. By contrast, the parent has established that the subsidiary is responsible for marketing and sales, and that no marketing employee at the subsidiary reports to any employee of the parent. Hovard Dec. ¶¶ 14-15. Plaintiff has thus failed to demonstrate that the parent exerts substantial control over the marketing and operational policies of the subsidiary.

As a result, three of the four factors for imputing Coloplast Corp.'s contacts with New York state to Coloplast A/S cut against imputation, and the second and third do so powerfully. Accordingly, Franklin has not shown that the subsidiary is an agent or a mere department of the parent, and the parent can only be subjected to this Court's personal jurisdiction if its own choices and contacts allow for it. *See, e.g.*, *Jazini*, 148 F.3d at 185-86 (ruling that one of parent company's directors being chairman for subsidiary is insufficient to render subsidiary a "mere department" and finding no personal jurisdiction).

## B. **PERSONAL JURISDICTION UNDER § 302.**

Absent directives from federal law, "federal courts are to apply the personal jurisdiction rules of the forum state[.]" *Penguin Grp.*, 609 F.3d at 35. Franklin advances three potential bases for finding personal jurisdiction over Coloplast A/S through New York's long-arm statute, N.Y. C.P.L.R. § 302 ("§ 302").[4] Those bases are: (1) this defendant's transacting

---

[4] Plaintiff does not argue that New York has general jurisdiction over Coloplast A/S under either a statutory or constitutional basis. In any event, New York's statutory general personal jurisdiction is limited to circumstances in which a corporation does business in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 96 (2d Cir. 2000) (internal citation and quotation marks omitted). Because this defendant does not have offices in New York, nor has it been established that it has employees, agents, or a bank account in New York, as is essential to the general jurisdiction inquiry, general personal jurisdiction does not exist for this defendant. Hovard Dec., ¶ 6, *see JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 391 (E.D.N.Y. 2013). Accordingly, for the remainder of this Opinion, "personal jurisdiction" refers to specific personal jurisdiction.

business in New York as contemplated by § 302(a)(1); (2) this defendant's committing a tort within New York under § 302(a)(2); and this defendant's committing a tort without New York State while reasonably expecting that tort to take effect within New York state under § 302(a)(3).

### 1. **PERSONAL JURISDICTION UNDER § 302(a)(1).**

To demonstrate personal jurisdiction under § 302(a)(1), a plaintiff must establish that: "(1) [t]he defendant . . . transacted business within the state; and (2) the claim asserted . . . arise[s] from that business activity." *Barrett v. Tema Dev. (1988), Inc.*, 251 F. App'x 698, 700 (2d Cir. 2007) (internal quotation marks and citations omitted). A defendant need not be physically present in New York to transact business in that state, so long as that defendant engages in "[p]urposeful activities" or "volitional acts" through which the defendant "avails [it]self of the privilege of conducting activities within the . . . [s]tate, thus invoking the benefits and protections of its laws[.]" *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010) (internal citations and quotation marks omitted). In analyzing a defendant's contacts, it is the "nature and quality" of the contacts that matter, and as such "[r]andom, fortuitous, or attenuated" contacts are insufficient. *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 338-39 (S.D.N.Y. 2016) (internal quotation marks omitted).

As discussed above, Coloplast Corp.'s contacts cannot be imputed to Coloplast A/S. Thus, Franklin must establish jurisdiction through only the Danish company's own acts and contacts. She advances nine acts that she alleges confer jurisdiction: (1) the parent's declaration of its ownership and manufacture of Aris; (2) that Hovard used to be employed in Denmark by the parent; (3) the parent's production of a marketing monograph; (4) the parent's hosting of a surgical skills workshop in New York in 2011; (5) the parent's use of New York doctors as speakers in a 2007 conference in Cancun, Mexico; (6) that the parent

9

held meetings with doctors in 2006 for product testing; (7) the parent's awareness of Aris' global sales figures in 2006; (8) that thousands of Aris products have been sold in New York as confirmed by the parent's former professional education manager ErinMarie Carrick ("Carrick"); and (9) the allegations in the complaint that the parent conspired with its subsidiaries to sell Aris knowing it was defective.

Regarding Franklin's first point, the document she points to is an announcement of Coloplast A/S's attaining the patent rights to Aris, and their initial thoughts on how to label it. Dkt. 49-2, pp.2-3. As a result, this purported contact is heavily attenuated by the passage of time and the intervening change brought about by Coloplast Corp. assuming responsibility for manufacturing and marketing Aris. Hovard Dec., ¶¶ 14-15; *see* Dkt. 49-11, pp. 2-3. Thus, this contact does not meaningfully contribute to this Court's jurisdiction over this defendant.

Franklin argues as her second point that Hovard used to be an employee of Coloplast A/S and was involved in the decision to obtain and market the intellectual property rights to Aris. Dkt. 49-3, p. 4. She argues that his involvement belies any argument that this defendant did not market Aris and own its patent. Plaintiff misses the point. It is not disputed that this defendant owns the patent to Aris, nor is it disputed that at one point it sought to market that patent. However, it has since licensed Aris to Coloplast Corp., who is solely responsible for marketing and manufacturing Aris in the United States. Hovard Dec. ¶¶ 14-15. Had plaintiff received her Aris implant in 2006, when this defendant had maintained that responsibility, the outcome would be very different, but as it stands this basis is also too attenuated to advance her arguments in favor of personal jurisdiction under §302(a).

Franklin's third, fourth, fifth, sixth, and seventh arguments in favor of finding jurisdiction fail for much the same reasons. The most recent act she complains of is the 2011 surgical

skills seminar, which both predates Coloplast Corp.'s assumption of the manufacture and marketing of Aris in the United States and took place a full four years prior to her receipt of the implant. Dkt. 49-12, p. 2. Similarly, plaintiff has not pled or demonstrated that this workshop—or any of the other promotional materials that she presents—contributed to her implantation with Aris.

As to Franklin's eighth argument in favor of this Court's exercise of personal jurisdiction over Coloplast A/S, the fact that thousands of Aris units have been sold within this state is irrelevant. Coloplast Corp. has been responsible for manufacturing and marketing Aris at least since 2012, and because the two entities maintain separate profits and losses, the parent company does not derive substantial revenue from those sales, contrary to plaintiff's arguments. Hovard Dec. ¶¶ 8, 13-15. Moreover, the mere holding of a patent in a defective product is insufficient to confer personal jurisdiction upon the patent-holder in the state the product injured a consumer. *Cf. E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co., Inc.*, 2005 WL 535065, at *16 (S.D.N.Y. Mar. 8, 2005) (ruling that even initiating litigation to enforce patent in the United States is "insufficient to constitute the transaction of business [in] New York within the meaning of §302(a)(1)").

The "concessions" that plaintiff points to in the Carrick deposition are far too unclear to do the work that she asks of them. Carrick testified that she worked for "Coloplast" to train their sales representatives in varied states, including New York, but it is unclear if she was working for the parent or the subsidiary, and if the parent, whether this work took place before or after the subsidiary assumed control of the market in the United States. Dkt. 49-16, pp. 3-8. Assuming for the purposes of this defendant's motion to dismiss that Carrick was referring to the parent, this information only serves to reinforce the obvious truth that at one point the parent did market and manufacture Aris. This Court cannot draw the argumentative

11

inference from this established fact that the parent company's contacts with New York are any more extensive than the facts have otherwise shown. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d at 673.

Franklin's final argument, that her complaint alleges that Coloplast A/S conspired with its subsidiaries to circulate the defective Aris product is also unavailing. Although if she could provide any evidence that this was true, it would allow for a finding of personal jurisdiction, her legal conclusion of conspiracy is insufficient to hale a Danish company into court in Utica, New York. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d at 673.

Franklin's showing of personal jurisdiction under § 302(a)(1) is less than vigorous. On the contrary, that she relies on this defendant's hosting a seminar in Mexico that happened to feature a speaker from New York as one of the contacts justifying jurisdiction demonstrates the weakness of those contacts. All proposed contacts for Coloplast A/S are either conclusory or so attenuated as to not be fairly attributable to it. Thus, this Court cannot find personal jurisdiction over this defendant under § 302(a)(1).

### 2. **PERSONAL JURISDICTION UNDER § 302(a)(2).**

To attain personal jurisdiction over a defendant under § 302(a)(2), a plaintiff must prove that the defendant committed a tortious act within the state. N.Y. C.P.L.R. § 302(a)(2). However, "a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016) (summary order) (citing *Bank Brussels Lambert*, 171 F.3d at 791). Coloplast A/S has established that it has no physical presence in New York. Hovard Dec. ¶¶ 5-6, 8-9 (affirming that Coloplast A/S has no offices in the United States, that it maintains its business records in Denmark, is incorporated in Denmark, and does not market Aris in the United States). Moreover, Franklin's assertions of a conspiracy that would provide personal jurisdiction over this

12

defendant are conclusory, and therefore of no weight. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d at 673. As such, plaintiff has also failed to establish personal jurisdiction over this defendant in this Court under § 302(a)(2).

### 3. **PERSONAL JURISDICTION UNDER § 302(a)(3).**

To make a showing of jurisdiction under §302(a)(3)(i), the plaintiff must prove: "(1) that defendant committed a tortious act outside of New York state[;] (2) that plaintiff's cause of action arises from that act[;] (3) that the act caused injury to a person or property within New York state[;] and (4) that defendant regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state." *Virgin Enters. Ltd. v. Virgin Eyes LAC*, 2009 WL 3241529, at *5 (S.D.N.Y. Sept. 30, 2009) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 735 N.E.2d 883, 886 (N.Y. 2000)).

"There does not need to be any nexus between the additional New York state contacts required by [§ 302(a)(i)] and the cause of action being sued upon." *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 266 (E.D.N.Y. 2015). However, the additional activities "must be persistent." *Id.* Additionally, those contacts must be part of "*ongoing* activity within New York State." *Ingraham v. Carroll*, 687 N.E.2d 1293, 1295 (N.Y. 1997) (emphasis omitted and supplied).

A plaintiff must prove five elements to establish jurisdiction under § 302(a)(3)(ii): "(1) the defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; [and] (5) the defendant derives substantial revenue from interstate or international commerce." *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d

13

Cir. 2006) (citing *LaMarca*, 735 N.E.2d at 886). The fourth element, or the reasonable foreseeability requirement, is "intended to ensure some link between a defendant and New York [s]tate to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere[.]" *Touro Coll. v. Fondazione Touro Univ. Rome Onlus*, 738 F. App'x 25, 27 (2d Cir. 2018) (summary order) (citing *Ingraham*, 687 N.E.2d at 1295).

In construing the reasonable foreseeability element, a "defendant need not foresee the specific event that produced the alleged injury" but must at least "reasonably foresee that any defect in its product would have direct consequences within the state . . . ." *LaMarca*, 735 N.E.2d at 886. However, "the simple likelihood or foreseeability that a defendant's product will find its way into New York does not satisfy this element[.]" *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999) (internal citations and quotation marks omitted). Instead, "the foreseeability requirement is not satisfied unless there are tangible manifestations showing that the nondomiciliary defendant either should have known where its product was destined or was attempting to reach a New York market." *Yash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 WL 4891764, at *10 (E.D.N.Y. Dec. 15, 2009).

In proving either section, "each element is 'essential,' and if plaintiffs fail to proffer sufficient evidence for any element, it is dispositive of the issue of personal jurisdiction under [§ 302(a)(3)]." *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 575 (S.D.N.Y. 2006) (internal citations and quotation marks omitted).

First, regarding § 302(a)(i), Coloplast A/S is not engaged in persistent, ongoing activity within New York state. Hovard Dec. ¶¶14-16. Instead, it has ceded all activity regarding interventional urology to Coloplast Corp. *Id.* Although the Hovard Declaration is not a model of clarity, particularly as to whether the parent company conducts any other business in New

14

York, the declaration's assertion that this defendant does not have any offices in the United States at all is enough to satisfy this Court that they do not have sufficiently persistent and ongoing activity within the state of New York to merit personal jurisdiction. *Ingraham*, 687 N.E.2d at 1295.

Second, as to § 302(a)(ii), Franklin has failed to demonstrate that it is reasonably foreseeable that the tortious act that she alleges—the licensing of a patent to a defective product—would have ramifications in New York state. Her only evidence on the matter is that Coloplast A/S was training employees to target the New York market when Carrick worked there previously, and when Aris "was still there." Dkt. 49-16, pp. 3-8. Since that time, the parent company has withdrawn from the United States market for these products and has instead exclusively allowed Coloplast Corp. to manage sales of interventional urology products here. Hovard Dec. ¶¶ 14-15.

Franklin bears the burden of proving this Court's jurisdiction over Coloplast A/S but has provided only one excerpt of deposition testimony devoid of any context to try to establish those contacts. Dkt. 49-16, pp. 3-8. This Court could, perhaps, strain logic and ignore Hovard's declaration that Coloplast Corp. has assumed control of the Aris market in the United States. Hovard Dec. ¶¶ 14-15. But directed not to draw argumentative inferences in plaintiff's favor, the only logical conclusion is that the timeframe Carrick refers to predates the subsidiary's assumption of the parent's marketing of Aris in the United States. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d at 673. As a result, this contact purportedly directed at New York is insufficient to tangibly manifest a recent desire to reach New York. *Yash Raj Films (USA) Inc.*, 2009 WL 4891764, at *10

Franklin has thus failed to establish personal jurisdiction over Coloplast A/S under § 302. Her claims against this defendant must therefore be dismissed without prejudice.

15

*See, e.g.*, *Boyce*, 148 F. Supp. 3d at 261-62, 269-71 (finding no personal jurisdiction under § 302 where foreign bicycle handlebar manufacturer with United States subsidiary made defective handlebar which caused injury in New York because other company assembled bicycles and imported them into United States).

### C. **PERSONAL JURISDICTION IN COMPLIANCE WITH DUE PROCESS OF LAW.**

Because Franklin has not established a statutory basis for finding personal jurisdiction over Coloplast A/S, this Court need not consider whether exercising such jurisdiction would comport with due process. However, given the lack of a relationship between this defendant's allegedly tortious act—holding a patent in an allegedly defective product and licensing it to Coloplast Corp.—and the state of New York, it would be violative of due process to find personal jurisdiction over this defendant in this Court. *See, e.g.*, *Boyce*, 148 F. Supp. 3d at 270 (ruling in passing that it would violate due process to find personal jurisdiction over foreign defendant in the Eastern District of New York).

### V. **CONCLUSION**

This Court understands Franklin's desire to hale into court any defendant who may be responsible for the injuries that she has allegedly suffered. It is not unsympathetic to her circumstances, should she prove the truth of what she has pled. Neither, however, is it willing to exceed the bounds of its authority to present claims against a foreign defendant who has years ago ceded to another entity all operations that could have resulted in her injuries. Plaintiff is free to proceed against that both subsidiaries before this Court, but her claims against Coloplast A/S must be dismissed without prejudice.

Therefore, it is

ORDERED that

1. Defendant Coloplast A/S's motion to dismiss is GRANTED; and

16

2. Plaintiff's claims against Coloplast A/S are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

*David N. Hurd*
U.S. District Judge

Dated: October 21, 2019
       Utica, New York.